UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH RACKETT,
Plaintiff,
v.
Case No.: _____

JACQUELYN RACKETT,
DETECTIVE JUSTIN ERIC WOOLVERTON, and
SERGEANT DELONG,
in their individual capacities,
Defendants.

8:25 CV 1505 MSS - AAS

JUN 11 2025 AM 9:47
FILED - USDC - FLMD - TPA

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

COMES NOW the Plaintiff, Keith Rackett, pro se, and for his complaint against the above-named Defendants alleges and states as follows:

I. JURISDICTION AND VENUE
1. This is a civil action brought under 42 U.S.C. § 1983 to redress deprivations of rights secured by the United States Constitution, including the First, Fourth, and Fourteenth Amendments.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), as all relevant events occurred in Pinellas County, Florida.

II. PARTIES
4. Plaintiff, Keith Rackett, is a U.S. citizen, a disabled veteran, and a resident of Pinellas County.
5. Defendant Jacquelyn Rackett is the Plaintiff's ex-wife and a private citizen who acted under color of law by initiating legal proceedings that led to Plaintiff's involuntary detainment through materially misleading statements.
6. Defendant Detective Justin Eric Woolverton is a detective with Saint Petersburg Police Department.
7. Defendant Sergeant DeLong is a supervisory officer with the same agency.

III. STATEMENT OF FACTS
8. On May 21, 2025, Defendant Jacquelyn Rackett submitted a sworn affidavit seeking an ex parte Baker Act order against Plaintiff.
9. That affidavit was:
 • Materially false and misleading, omitting relevant facts such as her criminal record, active custody disputes, and the Plaintiff's compliant VA care;
 • Procedurally deficient, lacking a clear judicial signature, formal notarial completion, and crucial checkbox responses (e.g., violence status);
 • Stamped by the clerk at 4:56 PM, indicating it was finalized after law enforcement officers made contact with the Plaintiff.
10. On the same day, but hours prior to the clerk's stamp on the affidavit at 12:15pm, Defendants Wolverton and DeLong appeared at Plaintiff's residence.
11. Detective Justin Woolverton identified themself as Child Protective Services personnel, though they were not affiliated with CPS, and no lawful order existed authorizing their presence or action at that time with Sgt Delong acting as the assisting officer from the local police department (St. Petersburg Police Department).

12. This pretextual contact, under false identity and without legal justification, constitutes a violation of the Plaintiff's Fourth Amendment rights against unreasonable search or seizure and a due process violation under the Fourteenth Amendment.

13. Upon information and belief, this action was initiated in collusion with Defendant Jacquelyn Rackett, who sought to manipulate state mechanisms to manufacture a justification for seizing the Plaintiff.

14. The result of this unlawful scheme was that Plaintiff was subsequently seized, involuntarily committed, injected with antipsychotic medication, and separated from his daughter, without lawful authority or legitimate risk determination.

---

IV. CAUSES OF ACTION

Count I – 42 U.S.C. § 1983: Due Process Violation by Private Actor

(Against Jacquelyn Rackett)

15. Plaintiff incorporates paragraphs 1–14.
16. Defendant Jacquelyn Rackett, under color of law, willfully submitted a materially misleading affidavit, triggering state action that deprived Plaintiff of liberty and bodily autonomy without due process.

---

Count II – 42 U.S.C. § 1983: Unlawful Search and Seizure / False Pretenses

(Against Woolverton and DeLong)

17. Plaintiff incorporates paragraphs 1–14.
18. Defendants appeared at Plaintiff's residence under false authority, impersonating CPS agents before any court order existed.
19. These actions lacked a valid warrant or predicate, and violated Plaintiff's Fourth Amendment rights to be free from governmental intrusion without legal cause.

---

Count III – Civil Conspiracy to Deprive Rights

(Against All Defendants)

20. Plaintiff incorporates paragraphs 1–14.
21. Defendants, through coordinated action, engaged in a conspiracy to fabricate a justification for Plaintiff's involuntary detainment.
22. Their joint conduct caused foreseeable, preventable constitutional harms.

---

V. DAMAGES

23. As a result of the above actions, Plaintiff suffered:

- Emotional distress;
- Physical injuries
  - Unlawful confinement;
  - Forced medical procedures;
  - Reputational harm;
  - Loss of time with his minor child.

24. Plaintiff seeks compensatory and punitive damages from each Defendant in their individual capacities.

---

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. A judgment in his favor;
B. Declaratory relief that the conduct violated clearly established rights;
C. Compensatory and punitive damages;
D. Any additional relief the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

---

Dated: June 11, 2025
Respectfully submitted,
Keith Rackett
10200 Gandy Blvd, Apt 603
St. Petersburg, FL 33702
Phone: (719) 290-1594
Email: Rackettkeith@gmail.com
Pro Se Plaintiff

Keith Rackett
10200 Gandy BLVD #603
St. Petersburg, Fl, 33702
(719)290-1594
Rackettkeith@gmail.com

June 11, 2025

Clerk of Court
U.S. District Court
Middle District of Florida
Sam Gibbons U.S. Courthouse
801 N Florida Ave
Tampa, FL, 33602
United States

RE: Correction to Civil Complaint Filed on June 10, 2025
Case No.

To the Clerk of Court,

Please accept this letter and the enclosed corrected version of the complaint I filed on June 10,2025. I am submitting this updated version to correct typographical and factual errors present in the original submission.

Specifically, the changes are as follows:
1. Typographical Corrections:
• Minor spelling errors were corrected, particularly in the names of individuals named in the complaint.
2. Clarification of Departmental Affiliation:
• The original filing incorrectly identified Detective Justin Eric Woolverton and Sergeant DeLong as affiliated with the Pinellas County Sheriff's Office. Upon review, and based on available but inconsistent documentation, these individuals are believed to be affiliated with the St. Petersburg Police Department.
• However, I note for the record that there remains ambiguity and a lack of clear identifying documentation regarding which agency these officers were acting under at the time of the events described. Sgt Delong is a known supervisor at SPPD but the man he was with never identified properly and the only record is the affidavits (RPO given as evidence) first person description of that meeting outside my home May 21, 2025 but no match otherwise is produced anywhere.
• The correction reflects the best available information but does not waive my right to amend further as discovery and records requests clarify these affiliations.

The changes are intended to correct good-faith errors and improve the accuracy of the record at this early stage in the case. I respectfully request that this corrected version be accepted in place of the original complaint, or, if the case has already been docketed, that it be treated as an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure.

Thank you for your time and assistance.

Sincerely,


Keith Rackett
Plaintiff, Pro Se