UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEITH RACKETT,**

    **Plaintiff,**

v.                                 Case No: 8:25-cv-1505-MSS-AAS

**JAQUELYN RACKETT, et al.,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 8), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Second Amended Complaint. (Dkt. 7) On October 7, 2025, United States Magistrate Judge Amanda A. Sansone issued an Order taking Plaintiff's motion under advisement and directing Plaintiff to file a third amended complaint by October 31, 2025. (Dkt. 10) On November 5, 2025, after Plaintiff failed to file a third amended complaint, Judge Sansone issued a Report and Recommendation, (Dkt. 11), which recommended Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and the Second Amended Complaint be dismissed without prejudice. Plaintiff has not objected to the Report and Recommendation, and the deadline for doing so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the

Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and **DISMISSES** the Second Amended Complaint.[1]

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence

---

[1] Notably, this is not the first time Plaintiff has failed to avail himself of the opportunity to file an amended complaint that states a valid cause of action and complies with the Federal Rules of Civil Procedure. On July 3, 2025, Judge Sansone issued an order taking an earlier motion to proceed in forma pauperis under advisement and directing Plaintiff to file a second amended complaint. (Dkt. 4) After Plaintiff timely failed to do so, Judge Sansone recommended dismissal of Plaintiff's amended complaint. (Dkt. 5) The Court adopted Judge Sansone's first Report and Recommendation after Plaintiff failed to object. (Dkt. 6) The Court gave Plaintiff leave to file a second amended complaint. Only then did Plaintiff file his second amended complaint. (Dkt. 7)

of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 11), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 8), is **DENIED**.

3. The Second Amended Complaint, (Dkt. 7), is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of December 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person